IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. G-13-MJ-41 |
| | § | |
| JOSEPH JOHN MARTINELLI | § | |

ORDER OF DETENTION

On March 9, 2015, this Court conducted a combined Preliminary and Detention Hearing in the above-styled and numbered cause; the Government had moved for the Defendant's detention pursuant to 18 U.S.C. §3142(A) and (2)(A). The Government offered the testimony of Officer James Casey, Zone Officer for the U.S. Fish and Wildlife Services; the Defendant proffered evidence. The Court also made the Pretrial Services report, which recommended detention a part of the record. Having now considered all of the evidence the Court **FINDS** that pursuant to the complaint, there is probable cause to believe that **Martinelli** has committed the felony offense of assaulting, resisting or impeding a Federal Officer.

The Court further **FINDS**, in accordance with the Bail Reform Act, 18 U.S.C. §3142(e), that the following facts are established by clear and convincing evidence and require the detention of **Martinelli** in this case:

1. That there is probable cause to believe that **Martinelli** committed the offense of "assaulting, resisting and impeding" Federal Officers Davis and Lawrence and

      inflicted them with bodily injury in violation of 18 U.S.C. §§111(a) and (b), a felony offense, as alleged, carrying a penalty range of up to 20 years in prison;

2. That by virtue of the foregoing finding a rebuttable presumption was created in favor of **Martinelli's** detention, 18 U.S.C. §3142(e);

3. That the strength of the Government's case is substantial given that the incident was captured on video from the Officers' body cameras; **Martinelli's** resistence was extensive, even after he had been subdued; and the injuries to the Officers were observable to the naked eye and/or diagnosed by a medical doctor;

4. That **Martinelli**'s extensive criminal history involves convictions for at least 3 assaultive offenses against peace officers;

5. That at the time of this offense **Martinelli** was on felony probation;

6. That **Martinelli** is currently a homeless person with no employment history and no ties to this community;

7. That **Martinelli's** proffer of suffering from anxiety is insufficient to rebut the presumption created by 18 U.S.C. §3142(e);

8. That by virtue of the foregoing findings, **Martinelli** would constitute a danger to the community if released and a substantial risk of flight; and

9. That the credible evidence and information submitted establishes by clear and convincing evidence that there is no condition or combination of conditions which could be imposed upon **Martinelli** by this Court to reasonably assure the safety of the community if he were released.

It is, therefore, **ORDERED** that **Joseph John Martinelli,** be, and he is hereby, **COMMITTED** to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

It is further **ORDERED** that the **Joseph John Martinelli, SHALL** be afforded a reasonable opportunity for private consultation with defense counsel.

It is further **ORDERED** that upon Order of a Court of the United States or upon request of an attorney for the Government, the person in charge of the corrections facility **SHALL** deliver **Joseph John Martinelli,** to the United States Marshal for the purpose of an appearance in connection with a Court proceeding.

**DONE** at Galveston, Texas this     9th     day of March, 2015.

John R. Froeschner
United States Magistrate Judge